FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRET WYATT NEAL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON, YAKIMA COUNTY, JOSEPH A. BRUSIC and CITY OF YAKIMA,<br><br>　　　　　　Defendants. | NO: 1:19-CV-3173-RMP<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

By Order filed October 23, 2019, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 11. Plaintiff, a prisoner at the Yakima County Jail, is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

Defendant State of Washington is not a "person" amenable to suit under 42 U.S.C. § 1983. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997). Plaintiff also failed to adequately allege that either Yakima County or the

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE -- 1

City of Yakima engaged in a pattern or practice that resulted in a deprivation of his constitutional rights. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479−81 (1986).

Moreover, Plaintiff's claims against Prosecutor Joseph A. Brusic did not state a claim upon which relief may be granted. *See Milstein v. Cooley,* 257 F.3d 1004, 1008 (9th Cir. 2001) ("Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity.") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *Imbler v. Pachtman,* 424 U.S. 409, 428 (1976).

The Court cautioned Plaintiff that if he wished to challenge the fact or duration of his confinement or sought a determination that he was entitled to release or a shortening of confinement, his only federal remedy is a writ of habeas corpus with its requirement of exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487−90 (1973). In addition, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents this Court from directly interfering with ongoing criminal proceedings in state court. *See* ECF No. 11 at 6 (explaining why *Younger* abstention is appropriate on the facts that Plaintiff alleged).

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE -- 2

Therefore, **IT IS ORDERED** that the Complaint, ECF No. 1, is **DISMISSED** for failure to state a claim upon which relief may be granted, but **without prejudice** to Plaintiff pursuing appropriate state appellate review of his state criminal proceedings and federal habeas relief if warranted.

Based on this Court's reading of *Washington v. Los Angeles Cty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g). The Court certifies that any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment for Defendants, provide a copy to Plaintiff at his last known address, and close the file.

**DATED** January 24, 2020.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        United States District Judge